December 26, 2025

U.S. District Court for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Re: *ACT v. Noem*, **1:25-cv-13939-PBS (D. Mass.)**

Dear Judge Kelley:

As ordered (Dkt. 33), Plaintiffs submit this letter brief to request that the Court issue time-limited interim relief postponing the effective date of the imminent termination of Temporary Protected Status ("TPS") for South Sudan ("Termination"), pending full briefing and hearing on their underlying 5 U.S.C. § 705 request for emergency postponement of the Termination. Absent interim preliminary relief, or expedited briefing and ruling on the Section 705 motion, TPS for South Sudan will terminate at 12:00am on January 6, 2026, and thus impose on Plaintiffs and the putative class considerable, irreparable harm, including deportation and the risk of deadly harm. *See* Pls' Mem. of Law in Supp. of Emergency Mot. for Postponement of January 6, 2026, Effective Date of Agency Action ("Pls' Mem."), Dkt. 7-1, at 17–20 (citing Plaintiffs' declarations, Dkts. 8-1–8-5).[1] To avoid irreparable harm and preserve the status quo pending the Court's full receipt and consideration of arguments and evidence from the parties, Plaintiffs request that the Court either 1) grant some form of interim preliminary relief, such as an administrative stay, on or before January 5, 2026, or 2) order expedited briefing to conclude on or before Thursday, January 1, 2026, and sufficient to enable the Court to rule on the merits of their emergency motion for postponement of the Termination, ahead of 12 am January 6, 2026.

**I.      This Court has authority to preserve the status quo until it can reasonably rule on Plaintiffs' underlying Emergency Motion for Postponement of the Termination, Under 5 U.S.C. § 705.**

District courts have authority to issue temporary administrative stays, both as an exercise of their inherent authority to manage their dockets, as well as under the All Writs Act. *See e.g.*

---

[1] As Plaintiffs' counsel noted during today's conference, Plaintiffs filed their complaint, emergency motion for postponement, supporting memorandum of law, and supporting evidence as expeditiously as possible— notwithstanding the abbreviated 60-day window between the announcement of the Termination and its January 6, 2026, effective date (taking effect as of 12 a.m. that day). *See* Termination of the Designation of South Sudan for Temporary Protected Status, 90 Fed. Reg. 50,484 (Nov. 5, 2025). The 60-day period departs substantially from the prior agency practice of providing orderly transition periods of at least 6 months and in many instances 12–18 months. *See* Pls. Mem. at 13–14 (citing Ex. 7 of Fakhimi Decl. (Transition-periods Chart) (Dkt. 8-6); Ex. 15 of Fakhimi Decl. at ¶ 12 (Reichlin-Melnick Decl.) (Dkt. 8-7)). The abbreviated 60-day time-frame presented difficulty for identifying TPS beneficiaries willing to come forward as plaintiffs, even pseudonymously, given the relative smallness of the pool of beneficiaries and applicants—*see* 90 Fed. Reg. 50.486 ("DHS estimates that there are 232 current approved beneficiaries under the designation of South Sudan for Temporary Protected Status. As of October 6, 2025, there are 73 total pending applications for the designation of South Sudan for Temporary Protected Status.")—and the considerable fear across the community in the current climate.

1

*Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget*, 763 F. Supp. 3d 13, 17 (D.D.C. 2025) (citing Order, *Texas v. Dep't of Homeland Sec.*, No. 24-CV-306, at 2 (E.D. Tex. Aug. 26, 2024)).

In *Nat'l Council of Nonprofits*, the District Court for the District of Columbia issued an administrative stay of agency action, pending receipt and consideration of the parties' expedited briefing on the plaintiffs' request for a temporary restraining order. *Id* at 110. Where a district court is adjudicating an underlying motion, it has the authority to issue a stay preserving the status quo while awaiting briefing on it. *See, e.g.*, *id*.; *Gallusz v. LLP Mortgage, Inc.*, 2025 WL 1360771, *2 (S.D. Cal., April 15, 2025) (where Plaintiff moved for a temporary restraining order, the court issued an indefinite administrative stay to preserve the status quo and ordered Defendant to respond to the motion under an expedited briefing schedule); *Dellinger v. Bessent*, 2025 WL 450488, *1 (D.D.C., February 10, 2025) (issuing a three day administrative stay in order to "preserve the status quo" long enough for the Court to receive additional briefing and adjudicate Plaintiff's underlying motion for a temporary restraining order ("TRO"), and ordering Defendants to file additional briefing the next day); *Richman v. United States*, 2025 WL 3505458, *1 (D.D.C., December 6, 2025) (issuing a "temporary order to preserve the status quo" even before the government had time to file a response, where the government had notice of the motion and would have an opportunity "to seek any appropriate relief from this Order" upon entering an appearance). This Court therefore has the power to issue an administrative stay or other time-limited relief, in the interim, while simultaneously issuing an expedited briefing schedule on the underlying motion for emergency relief. That is exactly what the other district courts did in *Dellinger v. Bessent*, 2025 WL 450488 at *1, and in *Nat'l Council of Nonprofits,* 763 F. Supp. 3d at 16–17.

*Trump v. CASA*, 606 U.S. 831 (2025), does not impact this Court's power to postpone agency action under 5 U.S.C. § 705, including on an interim, time-limited basis, as it receives and considers arguments and evidence on Plaintiffs' Section 705 motion. *Id*. at 673 (J. Kavanaugh, concurrence) ("The decision today will not alter this Court's traditional role . . . Going forward, in the wake of a major new federal statute or executive action . . . perhaps a district court (or courts) will grant or deny the functional equivalent of a universal injunction—for example . . . by preliminarily setting aside or declining to set aside an agency rule under the APA."). *See also Make the Road New York v. Noem,* No. 25-5320, 2025 WL 3563313, at *34–37 (D.C. Cir. Nov. 22, 2025) (declining to extend *CASA* to limit scope of 5 U.S.C. § 705 relief only to named plaintiffs and/or their clients); *City of Columbus v. Kennedy*, No. CV 25-2114-BAH, 2025 WL 2426382, at *33–34 (D. Md. Aug. 22, 2025) (collecting post-*CASA* cases declining to extend *CASA* to stays or postponements of agency action under the Administrative Procedure Act).[2]

## II.     Plaintiffs propose alternative briefing schedules, depending on the issuance of interim, time-limited relief.

In the event the Court does issue immediate, interim relief, Plaintiffs and Defendants have agreed, via email, to the following briefing schedule on the pending motion for emergency

---

[2] For similar reasons, and contrary to the assertions of government counsel at today's conference, 8 U.S.C. § 1252(f)(1) does not apply to stays or postponements of agency action under 5 U.S.C. § 705. "[A] stay or postponement of agency action under the APA" is not injunctive relief subject to the limits defined within 8 U.S.C. § 1252(f)(1). *Nat'l TPS All. v. Noem*, 150 F.4th 1000, 1018 (9th Cir. 2025); *accord Haitian Evangelical Clergy Ass'n v. Trump*, 789 F.Supp.3d 255, 271 (E.D.N.Y. 2025). Significantly, numerous courts have already held that §1252(f)(1) does not bar the final APA remedy of vacatur, which "does nothing but" "re-establish the status quo." *Texas v. United States*, 40 F.4th 205, 219 (5th Cir. 2022); *accord CASA, Inc. v. Noem*, No. CV 25-1484-TDC, 2025 WL 1907378, at *12–13 (D. Md. July 10, 2025).

postponement (Dkt. 7-1), should the Court approve: Defendants will file any opposing arguments and/or evidence by **Friday, January 9, 2026**; and Plaintiffs will file any reply arguments and/or evidence by end of day **Tuesday, January 13, 2026.**

In the event the Court does **not** issue immediate, interim relief, Plaintiffs propose the following, **expedited** briefing schedule on their pending emergency motion for postponement (Dkt. 7-1)**:** (1) Defendants shall file any opposing arguments and/or evidence by **Tuesday, December 30, 2025**, and Plaintiffs shall file any reply arguments and/or evidence by end of day **Thursday, January 1, 2026**.

After conferring with Defendants telephonically and via email after this afternoon's conference, it is Plaintiffs' understanding that Defendants oppose this proposed schedule and would request that any expedited, opposing arguments and/or evidence from them be due on Thursday, January 1, 2026. Plaintiffs oppose Defendants' proposed January 1 deadline.

However, should the Court order Defendants' expedited response deadline to be Thursday, January 1, as Defendants have requested, then Plaintiffs would request through the end of day on **Saturday, January 3, 2026**, to file any arguments and evidence in reply and in support of the emergency postponement motion. Defendants do not oppose that reply deadline.

*        *        *

Should the Termination move forward unencumbered and take effect as of 12 am on January 6, 2026, Plaintiffs and others will face irreparable harm, including deadly harm. Plaintiffs are prepared to take any steps to assist the Court in either 1) issuing interim preliminary relief by January 5, 2026, including completing additional briefing or appearing for additional argument or 2) completing expediting briefing and argument on the underlying Section 705 motion by January 1, 2026, or sooner—in order to permit the court to adjudicate the Section 705 motion before the effective date and time of the Termination and the emergence of related, irreparable harm.

Date: Dec. 26, 2025

Respectfully submitted,

*/s/ Nargis Aslami*
Nargis Aslami
Golnaz Fakhimi (*pro hac vice*)
Collin Poirot (*pro hac vice*)
Abbey Rutherford (*pro hac vice*)
**MUSLIM ADVOCATES**
1032 15th Street N.W. #362
Washington, D.C. 20005
(202) 897-2622
Nargis@muslimadvocates.org
Golnaz@muslimadvocates.org
Collin@muslimadvocates.org
Abbey@muslimadvocates.org

*/s/ Erik Crew*
Erik Crew (*pro hac vice*)
**HAITIAN BRIDGE ALLIANCE**
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120

(949) 603-7411
ecrew@haitianbridge.org

*/s/ Mark H. Lynch*
Mark H. Lynch (*pro hac vice*)
Stephen Petkis (*pro hac vice*)
Paul Killebrew (*pro hac vice*)
Ayana M. Lindsey (*pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
MLynch@cov.com
SPetkis@cov.com
PKillebrew@cov.com
ALindsey@cov.com

Sarah Leadem (*pro hac vice*)
**COVINGTON & BURLING LLP**
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
(415) 591-6000
SLeadem@cov.com

Michael E. Cunniff (*pro hac vice*)
**COVINGTON & BURLING LLP**
30 Hudson Yards
New York, NY 10001
(212) 841-1000
MCunniff@cov.com

*Counsel for Plaintiffs African Communities*
*Together, Mary Doe, David Doe, Peter Doe, Jacob*
*Doe, and the Proposed Class*

4

**CERTIFICATE REGARDING LOCAL RULE 7.1**

I, Golnaz Fakhimi, hereby certify that on December 26, 2025, I conferred with counsel for the Defendants, in good faith to resolve or narrow the issues, pursuant to Local Rule. 7.1

/s/ Golnaz Fakhimi
Golnaz Fakhimi

Dated: Dec. 26, 2025