UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AFRICAN COMMUNITIES TOGETHER, et al,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>KRISTI L. NOEM, *in her official capacity as Secretary of the Department of Homeland Security*, et al,<br><br>　　　　　　　　Defendants. | Case No. 25-cv-13939-PBS |

## DEFENDANTS' BRIEF IN RESPONSE TO COURT ORDER

On November 6, 2025, the Secretary of Homeland Security announced that the designation of South Sudan for Temporary Protected Status (TPS) would be terminated, effective at 11:59pm on January 5, 2026. 90 Fed. Reg. 50,484. More than six weeks later, on December 22, 2025, Plaintiffs filed this lawsuit seeking to "[s]et aside or otherwise vacate the termination of TPS for South Sudan." Doc. No. 1 at 70. The following day, around 5:00pm, Plaintiffs filed an "emergency" motion to postpone the termination under 5 U.S.C. § 705. Doc. No. 7 (Motion for Postponement). In so doing, Plaintiffs acknowledged "the inconvenience that deciding this motion over the holidays may impose on the Court, its staff, and opposing counsel." *Id.* at 2. They therefore asked for "the prompt entry of emergency interim relief . . . pausing the termination" until their Motion for Postponement "can be fully briefed and heard by the Court." *Id.*

The Court held a telephone conference on December 26, 2025, during which Plaintiffs' counsel reiterated their request for immediate relief preventing the termination from taking effect pending resolution of Plaintiffs' Motion for Postponement. Plaintiffs' counsel suggested that the Court could issue such relief as an administrative stay or, potentially, a temporary restraining order

(TRO).  The Court declined to rule at the time and instead directed the parties to file briefing on the issue.  The Court instructed Plaintiffs to file their brief "by end of day on December 26, 2025," and instructed Defendants "to respond by mid-day on December 29, 2025."  Doc. No. 33.

Plaintiffs then filed a brief requesting "that the Court issue time-limited interim relief postponing the effective date" of the termination of South Sudan's TPS designation.  Doc. No. 35 at 1.  Although Plaintiffs previously raised the prospect of the Court issuing a TRO pending its resolution of the Motion for Postponement, their brief does not discuss or pursue that proposal.  That makes sense, seeing as the issuance of a TRO would require the Court to evaluate the same factors governing Plaintiffs' Motion for Postponement.  *See* Doc. No. 7-1 ("In considering a motion to postpone the effective date of agency action under Section 705 of the APA, courts apply the same four-factor test governing the adjudication of preliminary injunctions and temporary restraining orders.").  Instead, Plaintiffs argue that "[d]istrict courts have authority to issue temporary administrative stays, both as an exercise of their inherent authority to manage their dockets, as well as under the All Writs Act."  *Id.*  Neither source of authority, however, justifies issuing the type of "administrative stay" that Plaintiffs seek.[1]

First, a court's inherent authority to manage its docket traditionally refers to its ability to stay *its own proceedings* pending the resolution of an appeal or some other case or event.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to

---

[1] All of the cases cited by Plaintiffs in which district courts have issued administrative stays similarly relied on their inherent authority to manage their dockets and the All Writs Act.  *See* Doc. No. 1 at 2.  Those cases therefore do not justify issuing an administrative stay in this matter for the reasons discussed herein.  Moreover, one of the cases that Plaintiffs cite did not involve an administrative stay; rather, the district court issued a "temporary restraining order" after evaluating the traditional criteria for granting such relief.  *Richman v. United States*, No. 25-0170 (CKK), 2025 WL 3505458, at *1 (D.D.C. Dec. 6, 2025).

2

the power inherent in every court to control the disposition of the causes on its docket"). A court similarly possesses inherent authority "to stay a judgment that it issued" and—in some cases— "the judgment of another court." Rachel Bayefsky, *Administrative Stays: Power and Procedure*, 97 Notre Dame L. Rev. 1941, 1962 (2022). That inherent authority does not, by contrast, include the power to stay or otherwise enjoin Executive agency action absent satisfaction of the traditional criteria for granting such equitable relief. *See Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 318–19 (1999). A district court may issue such relief pursuant to an appropriate statute or Federal Rule of Civil Procedure 65—so long as the relevant criteria have been satisfied. But it may not exercise its inherent powers in a way that avoids those requirements. *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) ("the exercise of an inherent power cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute").

Second, the All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Thus, "[a]cting pursuant to [the All Writs Act], a federal court may issue an injunction as a means to preserve its jurisdiction." *Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 14 (1st Cir. 2004). But there has been no contention in this case that an administrative stay must issue to preserve this Court's jurisdiction or ability to resolve Plaintiffs' Motion for Postponement. And, in any event, a court "cannot use [the All Writs Act] to circumvent statutory requirements or otherwise binding procedural rules." *Shoop v. Twyford*, 596 U.S. 811, 820 (2022). The Court therefore may not stay or otherwise temporarily enjoin Executive agency action pursuant to the All Writs Act in a manner that excuses Plaintiffs from satisfying the requirements for issuing such relief under a relevant statute or rule (such as Rule 65).

3

At bottom, an administrative stay operates to "freeze legal proceedings until the court can rule on a party's request for expedited relief." *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring).  It should not serve to directly enjoin Executive agency action, which is what Plaintiffs' requested administrative stay would accomplish.

Regardless of a district court's ability to issue an administrative stay in certain circumstances, the Court should not do so here.  Plaintiffs assert that they would suffer irreparable harm if the Court does not issue an administrative stay of the termination of South Sudan's TPS status pending resolution of their Motion for Postponement.  But any alleged harm that would occur between (i) the effective date of the termination and (ii) the Court's ruling on the Motion for Postponement follows from Plaintiffs' decision to file their motion right before the termination's effective date.  The Secretary announced the termination of South Sudan's TPS designation on November 6, 2025.  Yet, Plaintiffs did not file suit until more than six weeks later—over the holiday season and shortly before the termination is set to take effect.  Respectfully, the Court should not allow Plaintiffs to leverage that unfortunate timing into emergency relief.

Plaintiffs explain this delay by attributing it to the amount of time that it took Plaintiffs' counsel to identify and recruit individuals to bring this lawsuit.  *See* Doc. No. 1 n.1.  But one of the Plaintiffs in this case is an experienced organization that purports to have members affected by the termination.  And the fact that this case was prompted by attorneys in search of plaintiffs tends to lessen—not amplify—any claim that *Plaintiffs* will suffer irreparable harm absent an administrative stay.  The equities therefore weigh strongly in favor of allowing Defendants to brief—and the Court to decide—Plaintiffs' Motion for Postponement in the ordinary course, without issuing any emergency relief in the interim.

Accordingly, the Court should decline to issue an administrative stay. In addition, Defendants oppose Plaintiffs' alternative request for an expedited briefing schedule on their Motion for Postponement. Plaintiffs had over two months to prepare this 20-page motion. Granting their request for extremely expedited briefing would cut Defendants' standard response time nearly in half and impose substantial prejudice and inconvenience on both Defendants' counsel and the Court, who would be forced to brief and decide complex issues in a matter of days, including over a holiday. The Court should instead allow Defendants to oppose Plaintiffs' Motion for Postponement in accordance with the Local Rules (i.e., 14 days from the filing of the motion).

If the Court issues an administrative stay, Defendants propose filing their opposition brief to the Motion for Postponement by January 9, 2026, and do not oppose Plaintiffs' request for leave to file a reply brief by January 13, 2026.

If the Court declines to issue an administrative stay, and intends to rule on the Motion for Postponement prior to January 6, 2025, Defendants propose filing their opposition brief to the Motion for Postponement by January 1, 2025, and do not oppose Plaintiffs' request for leave to file a reply brief by January 3, 2026.

                                                Respectfully submitted,

                                                LEAH B. FOLEY
                                                United States Attorney

Dated: December 29, 2025            By:    */s/ Michael L. Fitzgerald*
                                                          MICHAEL L. FITZGERALD
                                                           Assistant United States Attorney
                                                           U.S. Attorney's Office
                                                           1 Courthouse Way, Ste. 9200
                                                           Boston, MA 02210
                                                           (617) 748-3266
                                                          michael.fitzgerald2@usdoj.gov

**CERTIFICATE OF SERVICE**

    I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                      */s/ Michael L. Fitzgerald*
                                                      MICHAEL L. FITZGERALD
                                                      Assistant U.S. Attorney