UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AFRICAN COMMUNITIES TOGETHER; MARY DOE; DAVID DOE; PETER DOE; and JACOB DOE, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) |  |
| Plaintiffs, | ) ) ) |  |
|  | ) | Civil Action No.: 25-CV-13939-PBS |
| v. | ) ) |  |
| KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) ) ) |  |
| Defendants. | ) ) |  |

**MEMORANDUM AND ORDER ON ADMINISTRATIVE STAY**

**ANGEL KELLEY, D.J.**

On December 22, 2025, Plaintiffs filed a Complaint against the Secretary of the Department of Homeland Security Kristi Noem, in her official capacity, the U.S. Department of Homeland Security, the U.S. Citizenship and Immigration Services, and the United States of America based on the Department's decision to terminate Temporary Protected Status ("TPS") for South Sudan, which would impact approximately 232 South Sudanese nationals who currently benefit from those protections, as well as approximately 73 South Sudanese nationals who have pending applications for that same protection. [Dkt. 1]. On December 23, 2025, Plaintiffs filed a Motion for Postponement Under 5 U.S.C. § 705. [Dkt. 7]. On December 26, 2025, this Court, as the emergency judge, held a status conference and at that time discussed an

1

appropriate briefing schedule to allow full consideration of this Motion, which will have serious, long-term consequences, including the risk of deadly harm.

## I.    ADMINISTRATIVE STAY

Plaintiffs requested either: (1) an expedited briefing schedule to address the merits of the Motion before the impending cancellation of TPS for South Sudan, set for 12:00 A.M. on January 6, 2026, or (2) an administrative stay to allow for full consideration of the merits of the case by the assigned District Court Judge.  Defendants oppose both options, advocating for full consideration of the merits following full briefing in the ordinary course, which would result in a determination by the court after the policy goes into effect.  The Defendants' proposed approach, allowing the policy to go into effect without a determination by the court, would result in an immediate impact on the South Sudanese nationals, stripping current beneficiaries of lawful status, which could imminently result in their deportation.  Further, if their TPS expires and is eventually restored following a full consideration of the merits, any gap in immigration status for South Sudanese nationals could result in ineligibility for future relief.

A postponement of the termination, akin to a preliminary injunction, is an extraordinary remedy requiring the showing of four elements: "(1) substantial likelihood of success on the merits; (2) a high likelihood of irreparable harm if injunctive relief is not granted; (3) a balance of equities tips in the movant's favor; and (4) the injunctive relief is in the public interest. The last two factors merge when the Government is the party opposing the preliminary injunction." Massachusetts v. Nat'l Institutes of Health, 770 F. Supp. 3d 277, 295 (D. Mass. 2025) (citations and internal quotation marks omitted).  Any evaluation of the merits requires a thorough consideration of complex law, as well as a weighing of serious and consequential competing factors, including the legal status of the Plaintiffs and the Defendants' ability to administer and

control immigration law and to preserve and protect national interests. These significant and far-reaching consequences not only deserve, but require, a full and careful consideration of the merits by the Court.

A Court may issue an administrative stay "in an exercise of its docket-management authority." United States v. Texas, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring). Administrative stays are not a reflection of the merits, but instead allow the court time to consider the merits of a case that cannot be successfully or appropriately evaluated in haste. Id. Such an administrative stay "reflects a first-blush judgment about the relative consequences" of the case. Id. "While administrative stays are more common in appellate courts, district courts have recognized their applicability in cases seeking emergency relief under the APA," as is the case here. Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget, 763 F. Supp. 3d 13, 17 (D.D.C. 2025). Because of the serious consequences at stake, both for the Plaintiffs and the Defendants, the Court finds an administrative stay appropriate, as it would "minimize harm," while allowing the assigned District Court Judge the time this case deserves.

Importantly, "an administrative stay in this case blocks executive action[,] a consideration that is not to be taken lightly." Id. Thus, a "stay should last no longer than necessary to make an intelligent decision." Texas, 144 S. Ct. at 799 (Barrett, J., concurring). In light of this guidance, the Court adopts the parties' proposed briefing schedule:

- Defendants' Opposition due on or before Friday, January 9, 2026
- Plaintiffs' Reply due on or before Tuesday, January 13, 2026

The assigned District Court Judge will schedule oral argument, if necessary, with the urgency this case requires.

## II.     CONCLUSION

For the foregoing reasons and to preserve the status quo in advance of the assigned Judge's full consideration of the merits, the effective date of the decision issued on November 6, 2025, and published at 90 Fed. Reg 50484 to terminate the designation of Temporary Protected Status for South Sudan, effective as of 12:00 A.M. on January 6, 2026, is hereby **STAYED** subject to further Order of this Court or higher courts.  During the period of the **STAY** of the termination, the termination shall be null, void, and of no legal effect.  Thus, the legal consequences of being in TPS status based on South Sudan's designation shall continue to apply, including being eligible for work authorization and having protection against deportation and detention based on TPS status.  The legal consequences of having a pending TPS application based on South Sudan's designation shall also continue to apply, including eligibility for work authorization and having protection against deportation based on a pending TPS application.

**SO ORDERED.**

Dated: December 30, 2025                                             /s/ Angel Kelley
                                                                                         Hon. Angel Kelley
                                                                                         United States District Judge