**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AFRICAN COMMUNITIES TOGETHER, et al., <br><br> *Plaintiffs*, <br><br><br> v. <br><br> MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security,[1] et al., <br><br> *Defendants*. | Civil Action No. 1:25-cv-13939-PBS |

## JOINT MOTION TO HOLD PROCEEDINGS IN ABEYANCE PENDING U.S. SUPREME COURT RULING IN TPS CASES

The Parties respectfully request that this Court hold proceedings in this matter in abeyance pending the Supreme Court's forthcoming decisions in two cases challenging the terminations of Temporary Protected Status ("TPS") for Syria and Haiti. *See Noem v. Dahlia Doe*, No. 25-1083, 2026 WL 731088 (U.S. Mar. 16, 2026), and *Trump v. Miot*, No. 25-1084, 2026 WL 731087 (U.S. Mar. 16, 2026)) (order granting certiorari before judgment in both cases).[2] An abeyance is warranted because the Supreme Court's ruling in those cases may clarify or narrow the issues presented in this case, such that an abeyance will conserve the resources of the Court and the parties.

---

[1] The current Secretary of Homeland Security is automatically substituted as a defendant in place of the former Secretary, Kristi Noem.   *See* Fed. R. Civ. P. 25(d).
[2] The Court's order is attached as Exhibit A.

1

**BACKGROUND**

On December 22, 2025, Plaintiffs filed a Complaint challenging the Secretary of Homeland Security's termination of the TPS designation for South Sudan under the Administrative Procedure Act ("APA") and the Fifth Amendment.   Doc. No. 1.   On December 23, 2025, Plaintiffs filed an Emergency Motion for Postponement ("Motion to Postpone") under the APA.   Doc. No. 7. On December 30, 2025, this Court entered an administrative stay of the effective date for the termination of Ethiopia's TPS designation.   Doc. No. 37.   On February 12, 2026, following production of the Certified Administrative Record and after reviewing the Parties' briefing, this Court granted Plaintiffs' Motion to Postpone.   Doc. No. 65.   On March 13, 2026, Defendants filed a Notice of Appeal and a Motion to Stay this Court's postponement order pending appeal. Doc. Nos. 68, 69.[3]   This Court denied Defendants' Motion to Stay on April 9, 2026.   Doc. No. 81.

On March 16, 2026, Defendants also filed a Motion to Dismiss.   Doc. No. 75.   On April 13, 2026, Plaintiffs filed an Unopposed Motion to Stay Deadline to Oppose Defendants' Motion to Dismiss, Doc. No. 82, which the Court granted that same day, Doc. No. 83.

**ARGUMENT**

A district court's authority to hold proceedings in abeyance "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."   *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Marquis v. F.D.I.C.*, 965 F.2d 1148, 1154 (1st Cir. 1994) ("It is beyond cavil that, absent a statute or rule to the contrary, federal district courts possess the inherent power to stay

---

[3] Defendants' appeal was docketed in the First Circuit on March 15, 2026.   *See* No. 26-1254.

2

pending litigation when the efficacious management of court dockets reasonably requires such intervention."). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. An abeyance is appropriate based on a showing of "good cause;" the abeyance must also "be reasonable in duration," and "the court must ensure that competing equities are weighed and balanced." *Marquis*, 965 F.2d at 1155.

There is good cause for an abeyance here. The Supreme Court has granted certiorari before judgment in two cases challenging the government's terminations of TPS for Syria and Haiti. *See Noem v. Dahlia Doe*, No. 25-1083, 2026 WL 731088 (U.S. Mar. 16, 2026), and *Trump v. Miot*, No. 25-1084, 2026 WL 731087 (U.S. Mar. 16, 2026)). Because these cases involve the same statutory scheme and some similar legal issues, it is possible that the Supreme Court's forthcoming decision may "narrow the issues in [this] case and assist in the determination of the question of law involved." *Taunton Gardens Co. v. Hills*, 557 F.2d 877, 879 (1st Cir. 1977). Under the circumstances, an abeyance would conserve the resources of the Court and the Parties. *See, e.g.*, *Brown v. Energy Servs. Grp. Int'l., Inc.*, No. 3:21-cv-611, 2022 WL 2161034, at *5 (E.D. Va. June 14, 2022) (explaining that litigating while issues hang in the balance of the Supreme Court's review "would be antithetical to judicial economy, while wasting time and resources of both parties").

An abeyance is also warranted because any abeyance period will be "reasonable in duration." *Marquis*, 965 F.2d at 1155. The two Supreme Court cases described above are proceeding on an expedited schedule, with argument scheduled for April 29 and a decision expected by the end of June or early July. Furthermore, both Parties agree that an abeyance of

3

proceedings is appropriate in this case.    Thus, there is no risk of prejudice or need to balance the interests of the Parties.

The Parties agree that the Court's postponement order will remain in effect while proceedings are held in abeyance.  The Parties further propose that, if abeyance is granted, the Parties submit a joint status report within fourteen (14) days of the Supreme Court's ruling, addressing their respective positions regarding appropriate next steps in this litigation, including a proposed briefing schedule if necessary.

## CONCLUSION

For the reasons described above, the Parties respectfully request that this Court hold in abeyance these proceedings until the Supreme Court issues a ruling in the cases described above and the time for any motion for rehearing has expired.

Dated: April 22, 2026                                   Respectfully submitted,


By:     *Nargis Aslami*
        Nargis Aslami (MA Bar Number: 714848)
        Melissa Keaney (*pro hac vice*)
        Collin Poirot (*pro hac vice*)
        Abbey Rutherford (*pro hac vice*)
        MUSLIM ADVOCATES
        1032 15th Street N.W. #362,
        Washington, D.C. 20005
        (202) 897-1895
        Nargis@muslimadvocates.org
        Melissa@muslimadvocates.org
        Collin@muslimadvocates.org
        Abbey@muslimadvocates.org

        *Paul Killebrew*
        Paul Killebrew (*pro hac vice*)
        Mark H. Lynch (*pro hac vice*)
        Stephen Petkis (*pro hac vice*)
        Ayana M. Lindsey (*pro hac vice*)

COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
MLynch@cov.com
SPetkis@cov.com
PKillebrew@cov.com
ALindsey@cov.com

Michael E. Cunniff (*pro hac vice*)
COVINGTON & BURLING LLP
30 Hudson Yards
New York, NY 10001
(212) 841-1000
MCunniff@cov.com

Sarah Leadem (*pro hac vice*)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
(415) 591-6000
SLeadem@cov.com

*Erik Crew*
Erik Crew (pro hac vice)
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
(949) 603-7411
ecrew@haitianbridge.org

*Michael. L. Fitzgerald*
Michael L. Fitzgerald
Assistant United States Attorney
U.S. Attorney's Office
1 Courthouse Way, Ste. 9200
Boston, MA 02210
(617) 748-3266
michael.fitzgerald2@usdoj.gov

**CERTIFICATE OF SERVICE**

5

I hereby certify that a true copy of the above document was served upon the attorneys of record by means of the Court's Electronic Case Filing system on April 22, 2026.

*/s/ draft*
Nargis Aslami
MUSLIM ADVOCATES
1032 15th Street N.W. #362,
Washington, D.C. 20005
(202) 897-1895
Nargis.aslami@gmail.com