**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AFRICAN COMMUNITIES TOGETHER; MARY DOE; DAVID DOE; PETER DOE; and JACOB DOE, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security;[1] U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES OF AMERICA,<br><br>*Defendants*. | Civil Action No. 1:25-cv-13939-PBS |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO LIFT ABEYANCE AND FOR AN INDICATIVE RULING OR STAY PENDING APPEAL**

Defendants have filed a motion asking this Court to prematurely lift an abeyance that they expressly agreed to less than three months ago, based on a Supreme Court ruling that was entirely foreseeable at the time of the agreement. *See* ECF 89 ("Mot."). Defendants also seek an indicative ruling or a stay of the Court's previously issued postponement order based on a conclusory reading of the Supreme Court's decision and its consequences. *See id.*

Plaintiffs respectfully oppose these steps. There is no need to disregard Defendants' prior commitments and hastily lift the abeyance. And if the Court is inclined to lift the abeyance, it should deny Defendants' motion for an indicative ruling or stay of the existing postponement order

---

[1] The current Secretary of Homeland Security is automatically substituted as a defendant in place of the former Secretary, Kristi Noem. *See* Fed. R. Civ. P. 25(d).

and proceed to consider the papers that Plaintiffs are filing today, including a motion for leave to amend their complaint and a renewed postponement motion based on new legal challenges to the Secretary's termination of South Sudan's TPS designation that were never presented to or resolved by the Supreme Court.

## BACKGROUND

Plaintiffs filed this lawsuit in December 2025 to prevent the termination of TPS for approximately 232 South Sudanese TPS beneficiaries and 73 South Sudanese nationals with pending TPS applications, all of whom call the United States their home. This Court granted Plaintiffs' request for relief on February 12, 2026, and postponed the termination of South Sudan's TPS designation. ECF 65. Defendants appealed this postponement order and sought a stay pending appeal, which this Court denied on April 9, 2026. ECF 68, 69, 81.

On April 22, 2026, the Parties jointly moved to hold proceedings in abeyance "until the Supreme Court issues a ruling in [*Mullin v. Doe*] and the time for any motion for rehearing has expired" "because the Supreme Court's ruling . . . may clarify or narrow the issues presented in this case." ECF 84 at 1, 4. This Court granted the Parties' motion and directed the Parties to file a joint status report "within fourteen (14) days after the time for any motion for rehearing has expired." ECF 85 at 1. The Supreme Court issued its decision in *Mullin v. Doe* on June 25, 2026. 609 U.S. ----, 2026 WL 1825840 (June 25, 2026). The time for rehearing expires on July 20, 2026. *See* Sup. Ct. R. 44.1. The joint status report is due on August 3, 2026.

## ARGUMENT

### I.   THE COURT SHOULD NOT IMMEDIATELY LIFT THE ABEYANCE

Despite having agreed to an abeyance that would have extended for at least twenty-five days after the Supreme Court's ruling in *Mullin*, ECF 84, 85, Defendants filed their motion to immediately lift the abeyance just four days after the Supreme Court's decision, *see* Mot. But

Defendants' asserted urgency does not justify disturbing the *status quo* before this Court has the opportunity to consider this case in its post-*Mullin* posture. The parties agreed to this abeyance period in order to establish a fixed period after the Supreme Court ruled in *Mullin* to assess their respective options. There is no legitimate reason to depart from that agreement. The ordinary timetable adopted by the Supreme Court undercuts Defendants' suggestion that extraordinary expedition is warranted here.[2] Defendants do not provide any reason for deviating from the jointly agreed upon course of action, nor do they point to any new developments that would warrant this Court's reconsideration and revision of its abeyance order. *Contra* Mot. at 3–4; *cf. United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009) (detailing the usual reasons why courts may reconsider non-final orders). Certainly, nothing about the Supreme Court issuing its ruling in *Mullin* was unforeseeable when Defendants agreed to the abeyance.

## II.  IF THE COURT LIFTS THE ABEYANCE, IT SHOULD ENTER AN ADMINISTRATIVE STAY, ADDRESS PLAINTIFFS' PENDING MOTIONS, AND DENY DEFENDANTS' REQUEST FOR AN INDICATIVE RULING OR STAY

Plaintiffs acknowledge that this Court retains the discretion to lift the abeyance. If the Court lifts the abeyance, it should enter an administrative stay in order to preserve the *status quo* while the Court considers Plaintiffs' pending motions for leave to amend their complaint and for the renewed postponement of the termination of South Sudan's TPS designation.[3] The Court

---

[2] Notably, the Supreme Court itself did not expedite transmission of the opinion and certified judgment in *Mullin*, *see* Sup. Ct. R. 45.3, despite recently doing so in another case. *See Callais v. Louisiana*, 146 S. Ct. 1111 (U.S. May 4, 2026).

[3] "A [c]ourt may issue an administrative stay 'in an exercise of its docket-management authority.'" ECF 37 at 3 (quoting *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring)). An administrative stay would become necessary if, at any point, this Court or the First Circuit were to grant a request to stay this Court's existing postponement order, or if this Court were to vacate its existing postponement order upon remand from the First Circuit.

should also deny Defendants' motion for an indicative ruling or for a stay of the postponement order currently on appeal.

### A.  The Court Should Not Enter an Indicative Ruling

This Court should exercise its discretion to decline to issue an indicative ruling because any such ruling would frustrate judicial economy.  Whether to issue an indicative ruling is squarely within this Court's discretion.  Rule 62.1 provides that a court "*may* . . . state either that it would grant the motion [for relief] if the court of appeals remands for that purpose or that the motion raises a substantial issue."  Fed. R. Civ. P. 62.1 (emphasis added).  "As the term 'may' communicates, the court has the discretion, but not the obligation, to provide an indicative ruling when the Rule applies."  *Optum, Inc. v. Smith*, 353 F. Supp. 3d 127, 129 (D. Mass. 2019).

Defendants' request for an indicative ruling suggests that the next steps in this case post-*Mullin* are a foregone conclusion.  But this Court is entitled to study the *Mullin* decision, consider supplemental briefing from the Parties, determine precisely which claims remain viable, and assess how *Mullin* applies to the specific record in this case before announcing that it would vacate previously entered relief.  Defendants overread *Mullin*: The Court did not hold that every constitutional claim fails, that equitable relief is categorically unavailable, or that district courts must immediately dissolve every existing TPS postponement order.  *Mullin* arose in a preliminary posture and so offered "only a predictive—not a final—decision" about the "likelihood" that the plaintiffs in that case would succeed based on the claims and arguments presented to the Court.  2026 WL 1825840, at *11.  In that context, the Court addressed the scope of the TPS judicial review bar and concluded that the Haitian plaintiffs, who had the opportunity to engage in discovery unlike Plaintiffs here, were unlikely to succeed on the Equal Protection record presented in that case.  *Id.* at *10, *13.  Critically, *Mullin* did not consider—much less resolve—either of the claims that Plaintiffs now assert in their amended complaint.

**B. This Court Should Not Stay Its Postponement Order Pending Appeal**

For similar reasons, this Court should deny Defendants' request for a stay of the existing postponement order. Courts consider four factors when confronted with a motion for a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

This Court already weighed those very factors just a few months ago and concluded that a stay pending appeal was *not* warranted. *See* ECF 81. The same outcome is appropriate here. To start, a court may deny a stay pending appeal where the movant satisfies the first factor but fails to satisfy the remaining three factors. *See Republic Maximal LLC v. Romulus Cap. Partners II, LLC*, 754 F. Supp. 3d 264 (D. Mass. 2024) (denying a motion to stay pending appeal where movant satisfied only the first factor and not the remaining three factors); *Canterbury Liquors & Pantry v. Sullivan*, 999 F. Supp. 144 (D. Mass. 1998) (same). Moreover, the Government offers just one paragraph of argument to support its renewed stay request, pointing to the Supreme Court's *Mullin* decision. *See* Mot. at 6–7. But as just discussed, that ruling was "only a predictive—not a final—decision" based on the claims and arguments that were actually presented to the Court. *Mullin*, 2026 WL 1825840, at *11. It did not address any of the *new* claims and arguments that Plaintiffs now advance. And some of those new arguments have direct implications even for Plaintiffs' original claims that formed the basis for the Court's existing postponement order. For example, as Plaintiffs demonstrate in their renewed emergency motion to postpone the Termination, the authority to terminate TPS status is vested exclusively in the Attorney General, and that the TPS statute's review bar—by its plain terms—applies only to the *Attorney General*'s actions. Plaintiffs are likely to succeed on that new claim, which makes it likely that they will *also* prevail in showing

that their original claims are reviewable because they challenged actions taken by the DHS Secretary, not the Attorney General.  *Mullin* did not address that issue and so cannot foreclose it. *See Webster v. Fall*, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.").  At a minimum, without adequately addressing that issue, the Government cannot make a "strong showing" that it is likely to succeed on the merits.  *Nken*, 556 U.S. at 434.

The remaining factors overwhelmingly counsel against staying the existing order. Defendants will not be irreparably harmed absent a stay pending appeal.  South Sudan has been designated for TPS for fifteen years now, and Defendants do not explain how it will irreparably harm them if this *status quo* remains in place during the pendency of the appeal.  Defendants' claimed irreparable harm is further undercut by the fact that the Supreme Court denied the applications for stays pending appeal in *Mullin v. Doe* and *Trump v. Miot*, *see Mullin v. Doe*, 2026 WL 1871302 (U.S. June 30, 2026), and declined to expedite the issuance of its opinion and certified judgment to the district courts, *see* Sup. Ct. R. 45.3, despite taking comparable actions in other cases, *see, e.g.*, *Callais*, 146 S. Ct. 1111 (expediting issuance of mandate to the state court); *Noem v. Nat'l TPS All.*, 146 S. Ct. 23 (2025) (granting stay pending appeal of order postponing vacatur and termination of Venezuela's TPS designation).

The third and fourth factors, which "merge when the Government is the opposing party," *Nken*, 556 U.S. at 435, also favor Plaintiffs because issuing the stay would substantially injure Plaintiffs and would be contrary to the public interest, *see, e.g.*, *Providence J. Co. v. Fed. Bureau of Investigation*, 595 F.2d 889, 890 (1st Cir. 1979) (noting that a "destr[uction of] the status quo" constitutes "irreparabl[e] harm").  If South Sudan's TPS designation is terminated, Plaintiffs will

be at imminent risk of irreparable harm, including loss of status, loss of work authorization and related benefits; and at risk of detention, deportation, and forced separation from family and community—all of which would be "very likely impossible to rectify through final relief that may come at an indeterminate future point." *Doe v. Noem*, 817 F. Supp. 3d 27, 57 (D. Mass. 2026). This alone tips the third and fourth factors in favor of Plaintiffs. *See Doe v. Noem*, 2026 WL 544631, at *2 (2d Cir. Feb. 17, 2026); *Doe #1 v. Trump*, 957 F.3d 1050, 1069 (9th Cir. 2020). The public also has an interest in the orderly administration of law, and a stay pending appeal circumvents that orderly administration. *See New York v. Trump*, 133 F.4th 51, 65 (1st Cir. 2025) ("[A] stay pending appeal is an intrusion into the ordinary processes of administration and judicial review.") (citation modified).

## CONCLUSION

For the foregoing reasons, this Court should decline to lift the abeyance. If the Court lifts the abeyance, it should deny Defendants' request to enter an indicative ruling and decline to enter a stay of the current postponement order. Instead, the Court should preserve the *status quo* while it considers Plaintiffs' amended complaint and renewed motion for postponement, evaluates the impact of *Mullin* on this litigation, and determines what interim relief may be appropriate based on the operative pleadings.

Dated: July 13, 2026

Respectfully Submitted,

*/s/ Paul Killebrew*
Mark H. Lynch (*pro hac vice*)
Stephen Petkis (*pro hac vice*)
Daniel G. Randolph (*pro hac vice* admission pending)
Paul Killebrew (*pro hac vice*)
Ayana M. Lindsey (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW

Washington, D.C. 20001
(202) 662-6000
MLynch@cov.com
SPetkis@cov.com
DRandolph@cov.com
PKillebrew@cov.com
ALindsey@cov.com

*/s/ Nargis Aslami*
Nargis Aslami (BBO No. 714848)
Melissa Keaney (*pro hac vice* admission pending)
Collin Poirot (*pro hac vice*)
Abbey Rutherford (*pro hac vice*)
MUSLIM ADVOCATES
1032 15th Street N.W. #362
Washington, D.C. 20005
(202) 897-2622
Nargis@muslimadvocates.org
Melissa@muslimadvocates.org
Collin@muslimadvocates.org
Abbey@muslimadvocates.org

*/s/ Erik Crew*
Erik Crew (*pro hac vice*)
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
(949) 603-7411
ECrew@haitianbridge.org

*Counsel for Plaintiffs African Communities*
*Together, Mary Doe, David Doe, Peter Doe, Jacob*
*Doe, and the Proposed Class*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Paul Killebrew
Paul Killebrew