## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AFRICAN COMMUNITIES TOGETHER; MARY DOE; DAVID DOE; PETER DOE; and JACOB DOE, on behalf of themselves and all others similarly situated,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security;[1] U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES OF AMERICA,<br><br>    *Defendants*. | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Civil Action No. 1:25-cv-13939-PBS |

---

[1] The current Secretary of Homeland Security is automatically substituted as a defendant in place of the former Secretary, Kristi Noem.  *See* Fed. R. Civ. P. 25(d).

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

PROCEDURAL HISTORY..................................................................................................... 2

LEGAL STANDARD.............................................................................................................. 3

ARGUMENT .......................................................................................................................... 3

      I.        Leave to Amend Is Warranted Because Plaintiffs Seek to Assert
               Meritorious Claims and Face Irreparable Harm ...................................................... 3

      II.      No Countervailing Considerations Provide a Basis for Denying the Motion......... 5

CONCLUSION........................................................................................................................ 7

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ACA Fin. Guar. Corp. v. Advest, Inc.*,
  512 F.3d 46 (1st Cir. 2008)...............................................................................................3

*Acosta–Mestre v. Hilton Int'l of P.R., Inc.*,
  156 F.3d 49 (1st Cir. 1998).................................................................................................6

*Amyndas Pharms., S.A. v. Zealand Pharma A/S*,
  48 F.4th 18 (1st Cir. 2022).....................................................................................3, 5, 6, 7

*Contour Design, Inc. v. Chance Mold Steel Co., Ltd.*,
  649 F.3d 31 (1st Cir. 2011).................................................................................................7

*Foman v. Davis*,
  371 U.S. 178 (1962)............................................................................................................3

*Glassman v. Computervision Corp.*,
  90 F.3d 617 (1st Cir. 1996).................................................................................................7

*Green v. Cosby*,
  99 F. Supp. 3d 223 (D. Mass. 2015) ..................................................................................6

*Limone v. United States*,
  579 F.3d 79 (1st Cir. 2009).................................................................................................7

*Mullin v. Doe*,
  609 U.S. ----, 2026 WL 1825840 (June 25, 2026)..........................................................3, 5

*Quaker State Oil Ref. Corp. v. Garrity Oil Co.*,
  884 F.2d 1510 (1st Cir. 1989).............................................................................................3

*Steir v. Girl Scouts of the USA*,
  383 F.3d 7 (1st Cir. 2004)...................................................................................................6

*Hagerty ex rel. United States v. Cyberonics, Inc.*,
  844 F.3d 26 (1st Cir. 2016).................................................................................................6

*Viscito v. Nat'l Plan. Corp.*,
  2019 WL 7578462 (D. Mass. July 5, 2019).....................................................................3, 5

**Statutes**

5 U.S.C. § 705....................................................................................................................2

**Rules**

Fed. R. Civ. P. 8(d) ..................................................................................................7

Fed. R. Civ. P. 15(a)(2)..........................................................................................1, 3

**Other Authorities**

90 Fed. Reg. 50,484 (Nov. 6, 2025)..........................................................................2

**INTRODUCTION**

Plaintiffs seek to amend their Complaint to add claims that the termination of South Sudan's Temporary Protected Status ("TPS") designation (the "Termination") was *ultra vires* because only the Attorney General—not the Secretary of Homeland Security—has the authority to terminate a TPS designation, Ex. 1, Am. Compl., ¶¶ 15, 258–279; and that the Termination violates South Sudanese TPS holders' and applicants' Fifth Amendment right to procedural due process, *id.* ¶¶ 14, 233–257.[2] Federal Rule of Civil Procedure 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires." Here, Plaintiffs are facing an unlawful deprivation of their rights by a government official lacking any authority to act. At this stage of the litigation—before Plaintiffs' opposition to the Defendants' motion to dismiss has even become due and before discovery has even commenced—leave to amend plainly serves the ends of justice. Indeed, without an opportunity to challenge the Termination through the Amended Complaint, Plaintiffs are at risk of extraordinary and irreparable harms: losing protection from removal; losing authorization to work; losing state benefits such as drivers' licenses; and facing risks of deportation charges, immigration confinement, forced separation from loved ones, and forced removal to South Sudan, where there is ongoing armed conflict and humanitarian crises. Under these circumstances, Rule 15's liberal standard is easily satisfied. The Court should grant Plaintiffs leave to amend.

---

[2] A copy of the Amended Complaint is attached to this Memorandum of Law as Exhibit 1. A redline comparing the Amended Complaint against the operative Complaint is attached as Exhibit 2.

## PROCEDURAL HISTORY

On November 6, 2025, the Secretary issued a notice in the Federal Register terminating South Sudan's TPS designation, effective as of January 6, 2026, which provided TPS recipients and applicants only 60 days to plan for their futures.[3]

On December 22, 2025, Plaintiffs filed a Complaint challenging the Termination as unlawful under the APA and the equal protection component of the Fifth Amendment.  ECF 1. On December 23, 2025, Plaintiffs requested emergency relief to postpone the January 6, 2026, effective date of the Termination.  ECF 7.  On December 30, 2025, this Court issued an administrative stay of the Termination to preserve the status quo while the Court fully considered the merits of Plaintiffs' postponement request.  ECF 37 at 4.  On February 12, 2026, following consideration of the certified administrative record and the parties' briefing, this Court granted Plaintiffs' motion to postpone the effective date of the Termination, pursuant to 5 U.S.C. § 705, pending final resolution of Plaintiffs' claims.  ECF 65.

On March 16, 2026, Defendants filed a motion to dismiss the Complaint for lack of jurisdiction and failure to state a claim.  ECF 75.  Shortly thereafter, on March 20, 2026, Plaintiffs sought an extension of the deadline for their opposition to Defendants' motion to dismiss, which this Court granted.  ECF 78–79.  Then, on April 13, 2026, Plaintiffs requested and obtained a stay of their opposition to Defendants' motion.  ECF 82–83.

On April 22, 2026, the parties jointly moved to hold this case in abeyance pending the Supreme Court's decision, and the time for any motion for rehearing to expire, in two cases challenging the terminations of TPS for Syria and Haiti.  ECF 84; *see Mullin v. Dahlia Doe*, No.

---

[3] Termination of the Designation of South Sudan for Temporary Protected Status, 90 Fed. Reg. 50,484, 50,485 (Nov. 6, 2025).

25-1083; *Trump v. Miot*, No. 25-1084.  This Court granted the Parties' motion, holding this case in abeyance pending a Supreme Court ruling and until "the time for any motion for rehearing has expired."  ECF 85.

On June 25, 2026, the Supreme Court issued its consolidated decision in the Syria and Haiti TPS cases in *Mullin v. Doe*, 609 U.S. ----, 2026 WL 1825840 (June 25, 2026).  In light of *Mullin*, Defendants filed a motion on June 29, 2026, to lift the abeyance before the date that the Parties previously agreed upon, while also seeking either an indicative ruling from this Court or a stay of its postponement order pending appeal.  ECF 89.

## LEGAL STANDARD

A "court should freely give leave [to amend a complaint] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This default rule "take[s] a liberal stance toward the amendment of pleadings, consistent with the federal courts' longstanding policy favoring the resolution of disputes on the merits."  *Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 36–37 (1st Cir. 2022) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "In the early stages of litigation, grounds for denial are generally limited to 'undue delay, bad faith or dilatory motive . . . , undue prejudice to the opposing party . . . , [and] futility of amendment.'"  *Viscito v. Nat'l Plan. Corp.*, 2019 WL 7578462, at *2 (D. Mass. July 5, 2019) (alterations in original) (quoting *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 55–56 (1st Cir. 2008)).

## ARGUMENT

I.    **Leave to Amend Is Warranted Because Plaintiffs Seek to Assert Meritorious Claims and Face Irreparable Harm**

Rule 15 directs that a court "should freely give leave" to amend a complaint, and the Court should do so here.  *See, e.g.*, *Quaker State Oil Ref. Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517 (1st Cir. 1989) (explaining that a motion for leave to file an amended complaint "requires that a

3

court examine the totality of the circumstances and exercise sound discretion in light of the pertinent balance of equitable considerations").

Plaintiffs seek to bring fundamentally new challenges to the Termination. Specifically, Plaintiffs allege that Congress never conferred TPS termination authority upon the Secretary, Am. Compl. ¶¶ 15, 258-279, and that the Termination did not proceed through constitutionally adequate procedures and thus deprives South Sudanese TPS holders and applicants of liberty and property interests in violation of the Due Process Clause, *id.* ¶¶ 14, 233–257. As Plaintiffs explain in their renewed motion for postponement, filed concurrently with this motion, Plaintiffs are likely to succeed on the merits of these new claims.

In addition, Plaintiffs will face extraordinary and immediate harms from the Termination, making a full accounting of the illegality of that Termination a matter of great urgency in this litigation. The Termination would strip TPS status from more than 230 South Sudanese TPS recipients, including the individual Plaintiffs and other members of Plaintiff African Communities Together, plus at least 73 South Sudanese nationals with pending applications for TPS. Am. Compl. ¶ 175. Further, the Termination would harm the U.S. citizen and lawful permanent resident dependents and immediate relatives of recipients and applicants. *Id.* ¶ 189–192. As this Court has already found, there are "many irreparable harms that South Sudanese TPS holders imminently face upon termination of South Sudan's TPS designation." ECF 65 at 41; *see also id.* at 38–40. "For the TPS recipients, including all of the individual Plaintiffs, those harms can include: losing TPS as a sole source of immigration status; losing eligibility for related federal benefits (such as work authorization); losing eligibility for related state benefits (such as driver's licenses); facing the risk of deportation charges and of related immigration confinement; facing related, forced separation from loved ones and community in the U.S.; and facing forced removal

4

to South Sudan and the risks of harm there, including deadly harm, on account of ongoing armed conflict and its ramifications, as well as other, compounded humanitarian crises, spanning severe flooding, a deadly cholera outbreak, mass internal displacement, acute food insecurity, and barriers to accessing humanitarian aid." Am. Compl. ¶ 176.

Justice further requires granting Plaintiffs leave to amend their Complaint due to the Supreme Court's decision in *Mullin*, which represents a significant change in the law that warrants permitting Plaintiffs to amend their Complaint. *Mullin* declined to extend the judicial review bar in Section 1254a(b)(5)(A) to constitutional claims, but held that it does bar judicial review of non-constitutional claims that the Secretary of Homeland Security failed to abide by TPS statutory requirements in terminating a country's TPS designation. 2026 WL 1825840, at *7–10. But, as described in the Amended Complaint, Ex. 1 ¶¶ 233–257, the failure to abide by statutorily required procedures in the Termination also gives rise to constitutional violations. Before *Mullin*, the distinction between statutory and constitutional claims regarding the process for termination was irrelevant; *Mullin* brings the constitutional claims to the forefront. Justice requires that Plaintiffs be permitted an opportunity to pursue those claims.

## II.    No Countervailing Considerations Provide a Basis for Denying the Motion

As noted, "[i]n the early stages of litigation, grounds for denial are generally limited to 'undue delay, bad faith or dilatory motive . . . , undue prejudice to the opposing party . . . , [and] futility of amendment.'" *Viscito*, 2019 WL 7578462, at *2. None of those circumstances is remotely applicable here.

*First*, Plaintiffs have moved for leave to amend the Complaint without any "undue delay" or "dilatory motive." "[F]or delay to be 'undue,' the period of delay must be both substantial and unjustified." *Amyndas*, 48 F.4th at 37. Here, any delay was not "substantial," as the case remains in a preliminary—and indeed, emergency—posture; briefing on Defendants' motion to dismiss

has not yet been completed, and discovery has not even commenced. Nor was any delay "unjustified." The undue delay "inquiry considers the reasonableness of the time between the filing of the motion for leave and a variety of points at which a party would become aware of a need to amend." *Id.* (citing *Hagerty ex rel. United States v. Cyberonics, Inc.*, 844 F.3d 26, 34–35 (1st Cir. 2016)). Here, the Supreme Court issued its decision in *Mullin* on June 25, 2026, and Plaintiffs now file their motion for leave to amend on July 13, 2026, within weeks of the *Mullin* decision and while this case has remained in abeyance. *See, e.g.*, *Amyndas*, 48 F.4th at 37 (explaining that "valid" reasons for amendment include "a ruling from the court pointing out flaws in [an] original pleading").

*Second*, for similar reasons, allowing leave to amend the Complaint will not cause any "undue prejudice" to Defendants. Again, this litigation remains in its early stages and under an order of abeyance. Plaintiffs' opposition to the motion to dismiss is not yet due, Defendants have not filed an answer, and no discovery has commenced. Given the early stage of this litigation, prejudice is not a concern. *Cf., e.g.*, *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) ("[R]equiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy[.]") (quoting *Acosta–Mestre v. Hilton Int'l of P.R., Inc.*, 156 F.3d 49, 52 (1st Cir. 1998)). Further, Plaintiffs' new claims are based on the same factual allegations in the initial Complaint and the same administrative record produced earlier in this litigation, further mitigating any concerns as to prejudice.

*Third*, amending the Complaint would be far from "futile." A "motion for leave to amend a complaint can be denied as futile when the moving party seeks to add a new claim which clearly and unequivocally would be dismissed on its face." *Green v. Cosby*, 99 F. Supp. 3d 223, 226 (D. Mass. 2015). As argued fully in Plaintiffs' renewed motion for postponement, Plaintiffs are likely

6

to succeed on their new claims, which are neither frivolous nor contain fatal defects.  *See Amyndas*, 48 F.4th at 40–41; *see also Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (explaining that to be futile, "the complaint, as amended, would fail to state a claim upon which relief could be granted").[4]

**CONCLUSION**

For these reasons, the Court should grant Plaintiffs' motion for leave to amend.

Dated: July 13, 2026

Respectfully Submitted,

*/s/ Paul Killebrew*

Mark H. Lynch (*pro hac vice*)
Stephen Petkis (*pro hac vice*)
Daniel G. Randolph (*pro hac vice* admission pending)
Paul Killebrew (*pro hac vice*)
Ayana M. Lindsey (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
(202) 662-6000
MLynch@cov.com
SPetkis@cov.com
DRandolph@cov.com
PKillebrew@cov.com
ALindsey@cov.com

*/s/ Nargis Aslami*

Nargis Aslami (BBO No. 714848)
Melissa Keaney (*pro hac vice* admission pending)

---

[4] The pending First Circuit appeal of this Court's postponement order does not prevent this Court from granting leave to amend.  Because that appeal is merely interlocutory, "in most respects and absent a stay, further proceedings in" this case "may continue in the district court while an appeal in an earlier phase is pending."  *Contour Design, Inc. v. Chance Mold Steel Co., Ltd.*, 649 F.3d 31, 34 (1st Cir. 2011).  Further, Plaintiffs' proposed amendments are pleaded in the alternative and leave Plaintiffs' existing claims and allegations intact, including the claims that formed the basis for the Court's postponement order that is presently on appeal.  *See* Fed. R. Civ. P. 8(d)(2)–(3); *Limone v. United States*, 579 F.3d 79, 93 (1st Cir. 2009) ("The plaintiffs had the right to plead alternative theories of liability, . . . and their exercise of that right did not debar them from an independent review of each set of claims." (citing Fed. R. Civ. P. 8(d))).  There is accordingly no risk that the amendments will disturb the basis for the pending First Circuit appeal.

Collin Poirot (*pro hac vice*)
Abbey Rutherford (*pro hac vice*)
MUSLIM ADVOCATES
1032 15th Street N.W. #362
Washington, D.C. 20005
(202) 897-2622
Nargis@muslimadvocates.org
Melissa@muslimadvocates.org
Collin@muslimadvocates.org
Abbey@muslimadvocates.org

*/s/ Erik Crew*

Erik Crew (*pro hac vice*)
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
(949) 603-7411
ecrew@haitianbridge.org

*Counsel for Plaintiffs African Communities
Together, Mary Doe, David Doe, Peter Doe, Jacob
Doe, and the Proposed Class*

8

## **CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Paul Killebrew*
Paul Killebrew