# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AFRICAN COMMUNITIES TOGETHER; MARY DOE; DAVID DOE; PETER DOE; and JACOB DOE, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security;[1] U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES OF AMERICA,<br><br>*Defendants.* | **PLAINTIFFS' RENEWED EMERGENCY MOTION FOR ADMINISTRATIVE STAY AND TO POSTPONE EFFECTIVE DATE OF AGENCY ACTION**<br><br><u>ORAL ARGUMENT REQUESTED</u><br><br>Civil Action No. 1:25-cv-13939-PBS<br><br>Pursuant to L.R. 5.1(c), Plaintiffs note they are requesting **emergency relief** against agency action. |

Plaintiffs African Communities Together, Mary Doe, David Doe, Peter Doe, and Jacob Doe, on behalf of themselves and all others similarly situated, hereby renew their emergency motion for an administrative stay and, ultimately, a postponement of the termination of South Sudan's Temporary Protected Status ("TPS") designation (the "Termination") under Section 705 of the Administrative Procedure Act ("APA"). Briefly stated, the Court should grant the request because Plaintiffs are likely to succeed on the merits of two newly added claims that (1) the Department of Homeland Security Secretary acted *ultra vires* in purporting to terminate South Sudan's TPS designation, and (2) the Termination deprives Plaintiffs of protected liberty and property interests without constitutionally adequate procedures, in violation of the Due Process Clause. Further, the equitable factors continue to overwhelmingly favor relief.

---

[1] The current Secretary of Homeland Security is automatically substituted as a defendant in place of the former Secretary, Kristi Noem. *See* Fed. R. Civ. P. 25(d).

7/14/26

DENIED WITHOUT PREJUDICE. THE COURT lacks jurisdiction because the case is on appeal.  /s/ B Saris