**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AFRICAN COMMUNITIES TOGETHER; MARY DOE; DAVID DOE; PETER DOE; and JACOB DOE, on behalf of themselves and all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES OF AMERICA, <br><br> *Defendants*. | Civil Action No. 1:25-cv-13939-PBS |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND**

Pursuant to Local Rule 7.1(b)(3), Plaintiffs respectfully move for leave to file a 7-page reply memorandum in support of their motion for leave to amend their Complaint against Defendants (the "Motion to Amend"), *see* ECF 94, no later than August 3, 2026.  Defendants oppose the motion.

On July 13, 2026, Plaintiffs filed their Motion to Amend, a proposed amended complaint, and a renewed postponement motion raising two new claims, one of which—an argument that the authority to terminate a TPS designation resides exclusively with the Attorney General—has never been addressed or even considered by any court. *See* ECF 94–97.  On July 22, Plaintiffs filed an emergency motion for an administrative stay in order to preserve the *status quo* pending resolution of their postponement motion.  *See* ECF 104–105.  On July 23, this Court granted that motion to

preserve the *status quo*, reiterating its previous statement that an administrative stay "allow[s] the court time to consider the merits of a case that cannot be successfully or appropriately evaluated in haste." *See* ECF 106 (quoting ECF 37 at 3 (citation omitted)).  On July 27, Defendants filed a 14-page opposition to Plaintiffs' Motion to Amend.  ECF 107.

Plaintiffs request that this Court allow a prompt, 7-page reply, to afford Plaintiffs an opportunity to respond to Defendants' arguments and to assist the Court as it addresses Plaintiffs' motion.  A reply is warranted for several reasons.

*First*, as this Court recognized, Plaintiffs have "raised new issues in [their] motion to amend" that the Court has not yet had an opportunity to address.  ECF 98.  Contrary to Defendants' assertion, *see* ECF 107, Plaintiffs' claims are fundamentally new.  No court has ever considered, much less resolved, Plaintiffs' *ultra vires* claim that the authority to terminate a TPS designation resides exclusively in the Attorney General.  And while multiple courts have recognized the existence of due process interests in the TPS context, no court has squarely addressed the claim that Plaintiffs present.  Given that Defendants mount a full-scale merits attack on Plaintiffs' proposed claims, effectively asking this Court to resolve contested legal questions at the pleading-amendment stage, a reply is necessary to assist the Court in determining whether amendment should be permitted.

*Second*, as Defendants acknowledged regarding materially identical claims in *African Communities Together v. Mullin*, No. 26-cv-10278-BEM (D. Mass.) ("*ACT II*"), Plaintiffs' claims raise "complex issues of law" in a case that "involves a unique procedural history that spans two different courts, as well as an analysis of a recent Supreme Court decision directly relevant to the instant litigation."  Defs.' Mot. for Leave to File Oversized Mem. in Supp. of Mot. to Dismiss, *ACT II* (July 27, 2026) (ECF 83).  The same applies here.  The *ultra vires* claim, for example,

2

raises "complex issues of law" because it implicates questions of statutory interpretation in the context of an intricate statutory scheme with a long history.  And Plaintiffs further agree that the Court will need to carefully consider the extent to which the Supreme Court's ruling in *Mullin* did—or did not—address Plaintiffs' new claims.

*Third*, the resolution of Plaintiffs' Motion to Amend carries important consequences for Plaintiffs and for other South Sudanese TPS holders who face imminent and severe irreparable harms should the TPS termination for South Sudan go into effect.  *See* ECF 97 at 19; ECF 105 at 6–8.  At this pleading-amendment stage, that irreparable harm, at a minimum, counsels in favor of allowing adequate briefing on whether Plaintiffs may present their new claims for relief.

For the above reasons, Plaintiffs request that this Court grant leave to file a 7-page reply memorandum in support of their Motion to Amend to be submitted no later than August 3, 2026.

Dated: July 29, 2026

Respectfully Submitted,

*/s/ Paul Killebrew*
Mark H. Lynch (*pro hac vice*)
Stephen Petkis (*pro hac vice*)
Daniel G. Randolph (*pro hac vice*)
Paul Killebrew (*pro hac vice*)
Ayana M. Lindsey (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
(202) 662-6000
MLynch@cov.com
SPetkis@cov.com
DRandolph@cov.com
PKillebrew@cov.com
ALindsey@cov.com

*/s/ Nargis Aslami*
Nargis Aslami (BBO No. 714848)
Melissa Keaney (*pro hac vice*)

3

Collin Poirot (*pro hac vice*)
Abbey Rutherford (*pro hac vice*)
MUSLIM ADVOCATES
1032 15th Street N.W. #362
Washington, D.C. 20005
(202) 897-2622
Nargis@muslimadvocates.org
Melissa@muslimadvocates.org
Collin@muslimadvocates.org
Abbey@muslimadvocates.org

*/s/ Erik Crew*
Erik Crew (*pro hac vice*)
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
(949) 603-7411
ecrew@haitianbridge.org

*Counsel for Plaintiffs African Communities
Together, Mary Doe, David Doe, Peter Doe, Jacob
Doe, and the Proposed Class*

4

## CERTIFICATE REGARDING LOCAL RULE 7.1

Pursuant to Local Rule 7.1, I hereby certify that on July 28, 2026, I conferred with counsel for Defendants on the relief requested in the foregoing Motion and attempted in good faith to resolve or narrow the issues. Defendants oppose the filing of a reply brief this close to the scheduled hearing. I certify that this Motion and all supporting papers filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Paul Killebrew*
Paul Killebrew